May 28, 1906.

———————o———————

No. 3947.

(Court of Appeal, Parish of Orleans.)

MRS. MINNIE BARINGUE vs. SANDERSON & PORTER.

ON MOTION TO DISMISS.

Where a judgment is rendered against a firm, and, as an incident to and by reason of their membership in the firm, also against the individual members of the firm, an appeal taken and perfected by the firm brings up the judgment for review as against the individual members.

Appeal from the Civil District Court, Division "B."

B. R. Forman, for Plaintiff and Appellee.

Saunders and Gurley, for Defendant and Appellant.

MOORE, J. Plaintiff sued the defendant firm and obtained

judgment against it and the individual members thereof, in solido.

From this judgment the firm took a suspensive appeal and perfected same by giving a bond according to law. The individual members gave no bond and for this reason the dismissal of the appeal, as to them, is moved.

In Mrs. Irene Davenport vs. Wm. Adler & Co. No. 1918 of the docket of this Court we held that where the individual members of a firm are sued and condemned simply as an incident to and by reason of their membership in the firm, an appeal taken and perfected by the firm brings up the judgment for review as to the individual members.

We adhere to that ruling. The motion to dismiss is denied.

April 2, 1906.

## ON THE MERITS.

In this suit for damages for personal injuries the testimony of plaintiff and her witnesses so far from giving plausibility to her claim, makes out a case of contributory negligence on her part and fails to fasten negligence on defendants. We find nothing in the record to justify the verdict of the jury.

DUFOUR, J. This is a suit for damages for personal injuries in which it is alleged that defendants dug a ditch on the lower side of Canal street and negligently placed across the same a plank for pedestrians to cross, that, though said plank was too short, insecurely laid and not properly fastened, it was so laid as to appear secure and to invite people to cross on it, and that plaintiff, without negligence on her part, crossed on the plank which slipped, causing her to fall into the ditch and to receive injuries complained of.

The defense urged contributory negligence on the part of the plaintiff and absence of negligence on the part of defendants; there was trial by jury and a verdict for plaintiff for $200; and defendants have appealed. Three witnesses testified: the plaintiff, her daughter, and a man by the name of Schnider, who was with them at the time of the accident; the defendants presented no evidence .

413

The plaintiff was walking on Canal street from Royal or Exchange Alley towards the river with the intention of going over to Camp street; she passed the Chartres street crossing and several feet beyond cut diagonally across to the plank leading across the ditch to the neutral ground.

She does not intimate that she took the plank because there was no other way of crossing, but accounts for her action by giving a reason more consonant with convenience than prudence.

In answer to the question "why didn't you take the regular crossing that was running directly between Chartres and Camp streets?" she answered; "well, just like anybody else would follow their own inclinations in the matter."

She assumed the risk when she took an unusual instead of the usual path.

When confronted with a diagram of the *locus,* she was unable to give satisfactory answers and to such an extent that the trial judge said:

"Well, I give it up; sit down, Mr. Gurley, we can't make anything out of it."

The plaintiff's testimony is, in certain respects, flatly contradicted by that of her daughter.

She says she was going to take the Coliseum car and her daughter says the Magazine; plaintiff says she went to the doctor's office the day after the accident, and that he did not call at her house at all. Her daughter testifies that the doctor was telephoned for and called at their house on the afternoon of the accident, and called afterwards every day or every other day and that her mother *did not go to the doctor's office at all.*

When she made the last statement her mother interrupted her by saying, "I did," whereupon the Judge deemed it proper to tell her: "Madam, I will have to put you out of the Court room if you interrupt the witness."

A significant circumstance in the case is humorously and aptly referred to by defendant's counsel in his brief:

"Mrs. Barinque and her daughter have evidently indulged in law studies, for they seem to be perfectly aware of the neces-

sary legal principles to enable them to recover."

Mrs .Barinque.

"Q. For what purpose had that plank apparently been put there?"

A. To invite people to go across it."

And her daughter:

"A. Mamma started to cross over, and they had a plank walk over that looked secure, inviting people to cross over, etc."

Without further comment ,we may say that there is no plausibility in plaintiff's claims, that the case as made out shows contributory negligence on her part and fails to show negligence on the part of defendants, and that we do not find any grounds upon which to justify the verdict of the jury.

Judgment reversed, and plaintiff's demand rejected at her cost in both Courts.